United States District Court
Southern District of Texas

**ENTERED**

February 06, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| ROBERTA REDDING-GUIDRY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-2299 |
| HARMONY PUBLIC SCHOOLS, | § § § | |
| Defendant. | § § § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Roberta Redding-Guidry, has three motions pending: (1) a motion to proceed *in forma pauperis* on appeal; (2) a motion for leave to file a second amended complaint; and (3) a motion for reconsideration of the court's order granting the defendant's motion to dismiss.  The motion to proceed *in forma pauperis* is granted.  (Docket Entry No. 65-1).  The motions for leave and for reconsideration are denied on jurisdictional grounds because they implicate issues in the pending appeal.  (Docket Entry Nos. 66, 69).  Further reasons for these rulings are set out below.

I.      **Background**

The defendant, Harmony Public School, is a public charter school that formerly employed Redding-Guidry as a teacher.  (Docket Entry No. 35 at ¶ 2; Docket Entry No. 35-1 at ¶ 455).  In her original complaint, Redding-Guidry alleged that Harmony discriminated against her on the basis of race, retaliated against her for engaging in protected activity, and subjected her to a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 41 U.S.C. § 1981.  (Docket Entry No. 1).  She amended her complaint to allege only

discrimination, retaliation, and hostile work environment claims under § 1981, and a claim for constructive discharge under Title VII. (Docket Entry No. 35-1 at ¶¶ 485–511).

In November 2023, Magistrate Judge Sam S. Sheldon—who the parties had consented to proceed before—dismissed Redding-Guidry's claims in full. (Docket Entry No. 63). Judge Sheldon ruled that Harmony was an arm of the State of Texas entitled to Eleventh Amendment immunity against the § 1981 claims. He also dismissed Redding-Guidry's constructive discharge claim because it was "not a freestanding federal cause of action." (*Id.* at 12). The dismissal was without prejudice. (*Id.* at 14).

Judge Sheldon entered a dismissal on November 27, 2023. (Docket Entry No. 64). Redding-Guidry filed a timely notice of appeal. (Docket Entry No. 65). She also filed, on the same day, a motion for leave to file an amended complaint, dropping her § 1981 claims and reasserting her Title VII claims. (Docket Entry No. 66). On December 28, 2023, Redding-Guidry filed a motion for reconsideration of the memorandum and opinion dismissing her case. (Docket Entry No. 69). Harmony has responded to both the motion for leave and the motion for reconsideration. (Docket Entry Nos. 70, 71). Redding-Guidry has replied. (Docket Entry Nos. 74, 75).

When Judge Sheldon retired, this case was reassigned to this court. (Docket Entry No. 73).

## II.   Analysis

### A.   *In Forma Pauperis*

Federal Rule of Appellate Procedure 24 provides:

Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

A party granted leave to proceed *in forma pauperis* "may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise." FED. R. APP. P. 24(a)(2).

Redding-Guidry's motion for leave to proceed *in forma pauperis* on appeal is granted. (Docket Entry No. 65-1). The motion is supported by an affidavit that meets the requirements of Federal Rule of Appellate Procedure 24(a). Redding-Guidry may proceed on appeal without prepaying or giving security for fees and costs.

**B.      The Motions for Leave and for Reconsideration**

A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Clower v. Wells Fargo Bank, N.A.*, 381 Fed. App'x. 450, 451 (5th Cir. 2010) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam)). Ordinarily, this jurisdictional trade occurs when the notice of appeal is filed. However, the efficacy of a notice of appeal can be delayed under Federal Rule of Appellate Procedure 4: "If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." FED. R. APP. P. 4(a)(4)(B)(i); *see, e.g.*, *Bd. of Trustees of Bay Med. Ctr. v. Humana Military Healthcare Services, Inc.*, 123 Fed. App'x. 995, 997 (Fed. Cir. 2005). The motions listed in Rule 4(a)(4)(A) are:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59.

FED. R. APP. P. 4(a)(4)(A).

Redding-Guidry characterizes her motion for reconsideration as one to alter or amend the judgment under Rule 59(e), or alternatively, Rule 60(b). (Docket Entry No. 75 at 7). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Motions for reconsideration not filed within that time are treated as motions under Rule 60(b). *Anglin v. Local Union 1351*, 102 Fed. App'x. 367, 369 (5th Cir. 2004). Redding-Guidry's motion was not filed within 28 days after the entry of judgment, so it did not delay the efficacy of the notice of appeal. FED. R. APP. 4(a)(4)(A); *compare Humana*, 123 Fed. App'x. at 997. Accordingly, when Redding-Guidry filed her notice of appeal, the district court lost jurisdiction over the "aspects of the case involved in the appeal." *Clower*, 381 Fed. App'x. at 451.

Both Redding-Guidry's motion for leave to amend and her motion for reconsideration implicate aspects of the case involved in the appeal. In her motion for leave, she explains that she seeks leave to "incorporate charges under Title VII of the Civil Rights Act of 1964, as amended[], 42 U.S.C. § 2000e, et seq.[,]" and to "remove charges under Section 1981 until the Court of Appeals makes a decision regarding Harmony's immunity under the Eleventh amendment. This change is appropriate since the Court has determined that Harmony Public Schools is an arm of the state for purposes of sovereign immunity[.]" (Docket Entry No. 66 at 1). The court cannot allow an amendment that drops the very claims that are the subject of the appeal. *See Dayton Indep. Sch. Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) ("By granting

4

plaintiffs' motion to amend and drop all CERCLA claims and dismiss National Gypsum from the actions, the district court significantly changed the status of the appeals.  It acted outside its authority.").  Redding-Guidry's motion for reconsideration asks the court to reconsider the very order she is appealing.  Granting the motion would impermissibly "alter the status of the case as it rests before the Court of Appeals." *Id.*

The motions for leave and for reconsideration are denied on jurisdictional grounds.

**III.     Conclusion**

The motion to proceed *in forma pauperis* is granted.  (Docket Entry No. 65-1).  The motions for leave and for reconsideration are denied on jurisdictional grounds.  (Docket Entry Nos. 66, 69).

SIGNED on February 6, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge